PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

# IN THE UNITED STATES DISTRICT COURT

## FOR THE _EASTERN_ DISTRICT OF TEXAS

_TYLER_ DIVISION

## PETITION FOR A WRIT OF HABEAS CORPUS BY
## A PERSON IN STATE CUSTODY

| | |
|---|---|
| **Isreal Hudgins** | **TDCJ-Coffeild Unit** |
| PETITIONER | CURRENT PLACE OF CONFINEMENT |
| (Full name of Petitioner) | |
| | **#01649033** |
| vs. | PRISONER ID NUMBER |
| | |
| **Senoir Warden,Jeffery Catoe** | 6:18CV09 RWS/KNM |
| RESPONDENT | CASE NUMBER |
| (Name of TDCJ Director, Warden, Jailor, or | (Supplied by the District Court Clerk) |
| authorized person having custody of Petitioner) | |

---

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed _in forma pauperis_ must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed _in forma pauperis_. To proceed _in forma pauperis_, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, <u>and</u> (2) if you are confined in TDCJ-CID, you must send in a certified _In Forma Pauperis_ Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.  Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6.  Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.  Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.  Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?** (Check all that apply)

|   |   |   |
|---|---|---|
| ☐ | A judgment of conviction or sentence, probation or deferred-adjudication probation. | (Answer Questions 1-4, 5-12 & 20-25) |
| ☐ | A parole revocation proceeding. | (Answer Questions 1-4, 13-14 & 20-25) |
| ☒ | A disciplinary proceeding. | (Answer Questions 1-4, 15-19 & 20-25) |
| ☒ | Other: Ad.Seg.placement | (Answer Questions 1-4, 10-11 & 20-25) |

**All petitioners must answer questions 1-4:**

**Note:** In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.  Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _____

    Harris County, 182nd Judicial Court,Houston,Tx

    _____

2.  Date of judgment of conviction: May 17,2010

3.  Length of sentence: (75) seventy-five years

4.  Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: 1204840

    _____

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.      What was your plea? (Check one)    ☐ Not Guilty    ☑ Guilty    ☐ Nolo Contendere

6.      Kind of trial: (Check one)    ☑ Jury      ☐ Judge Only

7.      Did you testify at trial?    ☑ Yes    ☐ No

8.      Did you appeal the judgment of conviction?    ☐ Yes    ☐ No

9.      If you did appeal, in what appellate court did you file your direct appeal? _____

     _____    Cause Number (if known): _____

     What was the result of your direct appeal (affirmed, modified or reversed)?_____

     What was the date of that decision? _____

     If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

     Grounds raised:_____

     _____

     Result: _____

     Date of result: _____    Cause Number (if known): _____

     If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

     Result: _____

     Date of result: _____

10.    Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal?  This includes any state applications for a writ of habeas corpus that you may have filed.    ☐ Yes    ☐ No

11.    If your answer to 10 is "Yes," give the following information:

     Name of court: _____

     Nature of proceeding: _____

     Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: _____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:

_____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12.   Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?   ☐ Yes   ☐ No

(a)   If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

_____

(b)   Give the date and length of the sentence to be served in the future: _____

_____

(c)   Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?   ☐ Yes   ☐ No

**Parole Revocation:**

13.   Date and location of your parole revocation: _____

14.   Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?   ☐ Yes   ☐ No

If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.   For your original conviction, was there a finding that you used or exhibited a deadly weapon?   ☐ Yes   ☐ No

16.   Are you eligible for release on mandatory supervision?   ☑ Yes   ☐ No

17.   Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: Coffeild Unit,2661 FM 2054,TenneseeColony,Tx,75884

Disciplinary case number:   #20170357067 and #20170285661   [handwritten: 20170169891]

What was the nature of the disciplinary charge against you? Possession of a weapon

18.   Date you were found guilty of the disciplinary violation: Feb.9,2017

Did you lose previously earned good-time days?   ☑ Yes   ☐ No

If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: 45 days

Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status: I was demoted in cusody from G2 population (SAT-3) to G5(1-1)to Ad.Seg.45 cell= restriction,45 Commissart restriction,45 recreation restriction, 90 day phone call restriction.

19.   Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?   ☑ Yes   ☐ No

If your answer to Question 19 is "Yes," answer the following:

Step 1 Result: _____ Step 1 Grv.no # 20170352261 [handwritten: 20170169891] weapon possession was overturned and deleted from disciplinary record on the Beto unit,Displinary case # 20170285661 was re-writtened four(4) months later in contravention of the GR-106 rules,and plaintiff was remained in seg

Date of Result: _____March 15, 2017_____

Step 2  Result: _____

Date of Result: _____

**All petitioners must answer the remaining questions:**

20.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Summarize <u>briefly</u> the facts supporting each ground.  If necessary, you may attach pages stating additional grounds and facts supporting them.

<u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

A.  **GROUND ONE:** ___Due Process violation,The Gr-106 (Offender Disciplinary-handbook) Creates a Liberty Intest in procedural due process that was violated.___

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):
Applicant was orginally given a major disciplinary infraction for possession of a weapon in disciplinary #20170169001,found guilty,subsequently this discipl-inary was overturned on Adminstrative greivance appeal.Applicant was remainesd in Ad.Seg despite this, in contravention of the Disciplinary procedures,the coffeild Disciplinary Captain re-wrote the weapons charge "after"the prescribed time to do so violating applicants due process in disciplinary procedures.

B.  **GROUND TWO:** ___Due Procees violation and Eighth Amendment violation of crule and unusal, atypical and significant Ad.Seg placement.___

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):
Applicant was placed in Adminstrative segregation for the alledged possession of a weapon, the original charge Disciplinary # 20170169001 was overturned, thus the basis for the Ad.Seg placement was also removed, applicant was kept in Seg under atypical and significantly harsh conditions that are "Substantially more grave" than what he would face in population namely, denial of adequate access to medical care, deliberate indifeerence to serious medical need.

(See Memorsadum of Law In Support Attached)

C.      **GROUND THREE:** _____

_____

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

D.      **GROUND FOUR:** _____

_____

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

21.    Relief sought in this petition: _____

Overturn and dispungement of Disciplinary # 20170285661 on due process grounds

release from the atypical and substantially graver conditions of Ad.Seg, all

class and custody restored.

_____

_____

_____

_____

_____

22.  Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?  ☐ Yes  ☒ No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?  ☐ Yes  ☐ No

23.  Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes  ☐ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

_____

24.  Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☐ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

_____

25.  Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)  At preliminary hearing: _____

(b)  At arraignment and plea: _____

(c)  At trial: _____

(d)  At sentencing: _____

(e)  On appeal: _____

(f)  In any post-conviction proceeding: _____

(g)    On appeal from any ruling against you in a post-conviction proceeding: _____

_____

**Timeliness of Petition:**

26.    If your judgment of conviction, parole revocation or disciplinary proceeding became final over
       one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. §
       2244(d) does not bar your petition.[1]

_____

_____

_____

_____

_____

_____

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d),
provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
       custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

   (A)    the date on which the judgment became final by the conclusion of direct review or the
          expiration of the time for seeking such review;

   (B)    the date on which the impediment to filing an application created by State action in violation
          of the Constitution or laws of the United States is removed, if the applicant was prevented from
          filing by such State action;

   (C)    the date on which the constitutional right asserted was initially recognized by the Supreme
          Court, if the right has been newly recognized by the Supreme Court and made retroactively
          applicable to cases on collateral review; or

   (D)    the date on which the factual predicate of the claim or claims presented could have been
          discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review
       with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
       limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____

Signature of Attorney (if any)

_____

      I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

_____1/9/2018_____ (month, day, year).

Executed (signed) on _____9/9/18_____ (date).

_____

Signature of Petitioner (<u>required</u>)

Petitioner's <u>current</u> address: _2661 FM 2054 Coffield_____

_Tennecttv Colony TX  75984_____

Reference grievances can be found in this court filed with civil action # 6:17cv540

All the evidence to support this 2251 is already in this court and was filed 9/22/17 in civil case # 6:17-CV-540.

The Disciplinary case # 20170169691 that was overturned by warden Bowman 3/15/17 on Beto unit

Retried charge information which violated Petitioner's due process rights The Disciplinary case # 20170285661 that was retried after the 30 day time period.

Any and everything that has to do with this case and that can assist this court in making a lawful decision is in this court. please find the exhibits in case # civil Action # 6:17-CV-540

Israel Hudgins
#1619033
2664 FM 2054
Tennessee Colony unit
Tennessee colony TX

